█ In the Matter of the Claim of HARRIET K. JOHNSON et al., Respondents, v. O. C. BUCK EXPOSITIONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board rescinding a previous award of death benefits to the purported widow and minor child of the deceased employee, directing the Aggregate Trust Fund to refund the moneys deposited with it by appellant with respect to such award less any payments made therefrom, and directing appellant to make certain payments to decedent's rightful dependents pending the outcome of a third-party action. On August 24, 1958 decedent was killed in what was concededly an industrial accident. Thereafter a claim was filed and on May 1, 1959 death benefits were awarded to Harriet Johnson and Sandra Jean Johnson, allegedly decedent's widow and minor child. Pursuant to this award the carrier deposited $18,704.22 with the Aggregate Trust Fund. Then on August 19, 1960, a second claim for death benefits was filed by Frances Margaret Johnson, who also purported to be decedent's widow, and her four children. Subsequently it was determined that Frances was decedent's legal widow, and the initial award of death benefits was thereupon rescinded. A new award was then made in favor of Frances and her four children and also Sandra as an acknowledged illegitimate child of the decedent. Appellants do not object to the right of these beneficiaries to death benefits but assert that the board violated the provisions of section 27 of the Workmen's Compensation Law in directing repayment to the carrier of the unexpended portion of the original deposit, and particularly in doing so without interest on the amount deposited, and in ordering payments to be made to the new beneficiaries pending the outcome of a third-party action brought by Frances and her children. Of course, it is implicit in this order that should the recovery from the third-party action not equal or exceed the award a new deposit would be required. Appellants contend that under subdivision 4 of section 27 the board could not adopt such a procedure but instead was required to calculate the present value of the new awards and then modify the original award accordingly. The board, while admitting that this would ordinarily be the proper procedure, asserts that the existence of the outstanding third-party actino necessitates the rescission of the prior awards and the making of new awards on a current basis without a direction to pay the present value of the new awards into the Trust Fund

(Workmen's Compensation Law, § 27, subd. 2). Under the unusual factual situation present here it is impossible that the provisions of both subdivision 2 and subdivision 4 of section 27 be complied with. In such a situation the board's course of action is essentially discretionary and should not be disturbed unless it is improper as a matter of law (see *Matter of Eberhardt* v. *Sonsade Realty Corp.*, 21 A D 2d 951; *Matter of Matthews* v. *General Elec. Co.*, 2 A D 2d 623). We cannot say that the board's premise that the computation of the present value of the award is a condition precedent to the applicability of subdivision 4, and that such present value cannot be established under subdivision 2 where a third-party action is pending is erroneous as a matter of law. Finally with respect to appellants' claim for interest on the amount of the initial deposit, it is clear that, whereas here there is no specific statutory provision so requiring, the Fund is not liable for interest (*Matter of Brophy* v. *Prudential Ins. Co.*, 246 App. Div. 871, affd. 271 N. Y. 644). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.